IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNIQUE INSURANCE MANAGERS, Inc.  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>LEIGH ANNE SPILLERS, *et al.*,  )<br>)<br>)<br>Defendants.  )<br>_____) | CIVIL ACTION NO. 5:20-cv-31 (MTT) |

### ORDER

Plaintiff Unique Insurance Managers, Inc. moves for default judgment. For the following reasons, that motion (Doc. 15) is **DENIED** without prejudice.

First, the record does not establish that "Sean Hickey" or David Dozier, the two lawyers listed in the waivers of service for Defendants Leigh Anne Spillers, James McDaniel, unnamed minor K.M., unnamed minor R.S., "Leigh Anne Spillers as next of friend of K.M.," and "Leigh Anne Spillers as next of friend of R.S," are actually authorized to waive service on their behalf. Docs. 8-13. Nor does the record establish that Jeffrey Kershaw, the lawyer listed for Defendant Christopher Mark Thompson, may waive service for him. Those concerns are heightened here because the circumstances, at least as alleged in the complaint and motion for default judgment, suggest a conflict of interest among the "default" Defendants, all of whom are apparently represented by David Dozier. If it is established that the Defendants, particularly the minor Defendants, have been properly served and that they are in default, more substantive issues likely will arise.

Second, Unique only seeks a judgment against Spillers, both individually and as next of friend of the two minors, and James McDaniel, K.M.'s apparent guardian. Doc. 15 at 1. It does not seek a judgment against Thompson. However, Unique's proposed judgment includes a finding that "Unique has no duty to indemnify its Insured [Thompson] further or defend its Insured [Thompson] further with respect to the Underlying Lawsuit because it has tendered Policy limits." Doc. 15-1 at 2. But the fact that the proposed judgment does not run against Thompson leaves open the possibility that a future judgment could find Unique still has a duty to defend. That prevents the entry of the proposed judgment. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872) (the default of one defendant cannot be entered before determining the liability of the non-defaulting defendant because the inconsistency of two different judgments against joint defendants would be illogical); *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (extending *Frow* to cases where "defendants are similarly situated, but not jointly liable"); *Branch Banking & Trust Co. v. Poplar Dev. Co., LLC*, 2013 WL 2367963, at *1 (M.D. Ga. May 29, 2013) (citations omitted); *Bank of the Ozarks v. Arco Cmty. Outreach Coal., Inc.*, 2013 WL 164421, at *2 (S.D. Ga. Jan. 15, 2013) (citations omitted).[1]

In short, the proposed judgment has the potential to substantially impact the potential recovery of Spillers, McDaniel, K.M., K.S., Thompson, and the Estate. But the proposed judgment would only run against Spillers, McDaniel, and the two minors, and it is still unclear whether those four parties were properly served or are adequately

---

[1] Similarly, Unique seeks a ruling that the Estate of K.M.'s father, Malone, who was killed in the crash with Unique's insured, is time-barred from any recovery arising from that accident. Doc. 15-1 at 2. But Malone's Estate is not a party, and the Court sees no reason to address the Estate's potential claims against Unique in a judgment.

-3-

represented.  For those reasons, the motion for default (Doc. 15) is **DENIED** without prejudice.  The Court will consider a second motion for default that addresses the issues noted above.  The Court will schedule a hearing on request of the parties or if it becomes clear that a hearing is necessary.

Further, because the motion for default is denied, Unique's pending motion "for the Court to accept a late-filed notarized affidavit" (Doc. 16) in support of the motion for default is **DENIED as moot**.

**SO ORDERED**, this 29th day of May, 2020.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT